

| | | |
|---|---|---|
| 270 MADISON AVENUE<br>NEW YORK, NY 10016<br>212 545 4600 | 750 B STREET - STE 1820<br>SAN DIEGO, CA 92101<br>619 239 4599 | 111 WEST JACKSON – STE 1700<br>CHICAGO, IL 60604<br>312 984 0000 |

**KEVIN G. COOPER, ESQ.**
KCOOPER@WHAFH.COM

June 22, 2020

**Via CM/ECF:**

The Honorable Arlene R. Lindsay
United States District Court
Eastern District of New York
814 Federal Plaza
Central Islip, NY 11722-4451

    Re:    *Hymes, et al. v. Bank of Am.*, No. 18-cv-2352-RRM-ARL

Dear Judge Lindsay:

    Per Your Honor's Individual Practices 2.A.1, Plaintiffs request either the scheduling of a conference to initiate discovery or the grant of the relief requested herein: the ordering of Defendant to answer the limited discovery served pursuant to Fed. R. Civ. P. 34(b)(2)(A).

    Due to the unique procedural history of this action, an initial pretrial scheduling conference has yet to occur and thus neither has a Rule 26(f) conference. Plaintiffs filed their complaint on April 20, 2018. *See* ECF No. 1. Defendant immediately sought permission from the Hon. Joseph F. Bianco to move to dismiss the action on May 17, 2018. *See* ECF No. 12. Approximately one year later, after the motion to dismiss was briefed and argued before Judge Bianco, the action was transferred to the Hon. Roslynn R. Mauskopf. *See* June 10, 2019 Minute Order.

    On June 6, 2019, Your Honor set an initial conference, *see* ECF No. 33, but adjourned that conference on July 16, 2019 in light of the motion to dismiss and directed the parties to submit a status letter on August 30, 2019. *See* July 16, 2019 Minute Order. The parties provided subsequent status reports to Your Honor on August 30, 2019, and October 18, 2019. *See* ECF Nos. 45, 51. Judge Mauskopf granted in part and denied in part Defendant's motion to dismiss on September 30, 2019. *See* ECF No. 47.

    On October 3, Judge Mauskopf directed the parties in this case and *Cantero v. Bank of America*, 18-4157 to "confer in an effort to propose a joint case management plan to address[] consolidation of the two actions, appointment of class counsel, and other steps necessary to move this case toward an orderly and efficient resolution." *See* October 3, 2019 Minute Order. In the interim, on October 16, 2019, Defendant sought a briefing schedule, which was granted, to seek permission for an interlocutory appeal under 12 U.S.C. § 1292(b). *See* ECF No. 48. On October 24, 2019, the parties submitted two proposed case management schedules to Judge Mauskopf. *See* ECF No. 54. Neither case management schedule was approved by Judge Mauskopf and the submission remains pending.

The Honorable Arlene R. Lindsay
June 22, 2020

      On November 7, 2019, Defendant answered the complaint. *See* ECF No. 64. On November 15, 2019, a status report was provided to Your Honor, *see* ECF No. 64, and Your Honor ordered that a status report should be provided upon Judge Mauskopf's decision of the request to seek an interlocutory appeal, which was fully briefed, opposed, and submitted on December 4, 2019. *See* November 18, 2019 Minute Order; ECF No. 65. Defendant's motion, which also sought to stay the action, remains pending before Judge Mauskopf. During the pendency of the motion, the courts and the parties have grappled with the coronavirus pandemic resulting in a slow-down of litigation.

      As courts resumed operations, Plaintiffs sought to advance this long-pending litigation forward by serving limited documentary discovery on Defendant concerning class certification issues. The targeted discovery consisted of 8 document requests pursuant to Fed. R. Civ. P. 34 and are attached hereto as Exhibit A. Plaintiffs offered to work with Defendant to mitigate any undue burden from the document requests, but Plaintiffs' offers were not accepted.

      Though the 30-day window provided by Rule 34 has lapsed, Defendant has yet to respond to Plaintiffs' requests as the parties have not had a Rule 26(f) conference and there is no initial conference scheduled before the Court facilitating such a conference. Defendant has further noted that a response to the requests or discussion of discovery is premature due to the pending motion before Judge Mauskopf and thus will not agree to a Rule 26(f) conference. Pursuant to Local Rule 37.3, Plaintiffs have telephonically conferred with Defendant before seeking relief from Your Honor and informed Defendant that relief from the Court would be sought.

      Accordingly, as there is no stay of discovery in this litigation, Plaintiffs seek pursuant to Rule 34(b)(2)(A) for Your Honor to order Defendant to respond to the targeted document requests served, or in the alternative, set a scheduling conference before Your Honor thus facilitating the requisite discovery conference between the parties pursuant to Rule 26(f)(1).

      Respectfully Submitted,

      Kevin G. Cooper