**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Mark W. Mosier

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 5435
mmosier@cov.com

**Via CM/ECF**                                                                 June 25, 2020

Honorable Arlene R. Lindsay
United States District Court for the Eastern District of New York
814 Federal Plaza
Central Islip, NY 11722

> Re:  *Hymes v. Bank of America, N.A.*, No. 2:18-cv-02352 (RRM/ARL)
>        Plaintiffs' Motion for Discovery, Dkt. 74

Dear Judge Lindsay:

Bank of America opposes Plaintiffs' latest request to commence discovery in this case, which is nothing more than an attempt to do an end-run around the district judge's effort to ensure that this case and the related case *Cantero v. Bank of America*, No. 1:18-cv-04157 (RRM/ARL), are managed efficiently.  The district judge currently is evaluating Bank of America's motion for interlocutory appeal and the parties' proposals for how this case and *Cantero* should be jointly managed.

**I.      Background**

Plaintiffs filed this putative multi-state class action in April 2018, alleging that Bank of America failed to pay interest on mortgage escrow accounts, in violation of the laws of eleven states.  *See* Dkt. 1 ¶ 21.  After Bank of America moved to dismiss the Complaint in this case, *Cantero* was filed, raising identical claims on behalf of similar putative multi-state classes.  This case and *Cantero* were deemed related, and both cases were assigned to Judge Bianco.  While the cases were assigned to Judge Bianco, no party requested (and the Court never set) an initial scheduling conference and no party served any discovery requests.

Following Judge Bianco's appointment to the U.S. Court of Appeals for the Second Circuit, this case was reassigned, and the Court set an initial scheduling conference in this case (but not in the *Cantero* case) for July 31, 2019.  Dkt. 33.  After Bank of America moved to adjourn that scheduling conference, this Court postponed the initial scheduling conference indefinitely.  *See* July 12, 2019 minute order.

On October 3, 2019, Judge Mauskopf granted in part and denied in part Bank of America's motions to dismiss both this case and *Cantero*.  Dkt. 47.  Bank of America promptly asked the Court to certify an interlocutory appeal of that decision and to stay further proceedings pending the interlocutory appeal.  Bank of America's motion—which is supported by amicus briefs submitted by its primary federal regulator, the Office of the Comptroller of the

COVINGTON

Bank of America's letter to the Hon. Arlene R. Lindsay
June 25, 2020
Page 2

Currency, and The Bank Policy Institute, The Consumer Bankers Association, and The Chamber of Commerce of the United States of America—is fully briefed and awaiting the Court's decision.

On the same day the Court ruled on Bank of America's motion to dismiss, Judge Mauskopf directed the parties in both cases to confer regarding "a joint case management plan to address[] consolidation of the two actions, appointment of class counsel, and other steps necessary to move this case toward an orderly and efficient resolution." *See* Oct. 3, 2019 minute order. In the proposed plan submitted by the parties on October 24, 2019, *see* Dkt. 52, Plaintiffs expressed their view that "this matter should move forward with discovery" immediately. *Id.* at 1. Bank of America opposed this request. The *Hymes* and *Cantero* plaintiffs could not agree on a plan for appointing class counsel. *Id.* at 6. The one point the parties did agree on was the need to consolidate *Hymes* and *Cantero* for pre-trial purposes. *Id.* at 1.

Judge Mauskopf has not ruled on the parties' proposals for how this case and *Cantero* should be managed, or whether this case and *Cantero* should be stayed pending the resolution of Bank of America's interlocutory appeal. In addition, in November 2019, this Court ordered the parties "to submit a status report upon receipt of District Judge Mauskopf's decision regarding the motion to certify the interlocutory appeal." *See* Nov. 18, 2019 minute order.

Rather than comply with this Court's order, Plaintiffs waited nearly six months, and then served burdensome document requests on Bank of America. *See* Dkt. 74-1. The parties have not had a Rule 26(f) conference, so Bank of America is not presently under any deadline to respond to the document requests. After Bank of America refused to respond to Plaintiffs' premature discovery requests, Plaintiffs' filed this letter motion. Dkt. 74. Plaintiffs do not identify any circumstance that has changed since the parties' submitted their case management proposals to Judge Mauskopf in October 2019.

## II. Argument

Under the Federal Rules, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ." Fed. R. Civ. P. 26(d)(1). Although a party may serve discovery before the Rule 26(f) conference, for purposes of calculating the deadline to respond, "[t]he request is considered to have been served at the first Rule 26(f) conference." Fed. R. Civ. P. 26(d)(2)(ii). Because the parties have not had their Rule 26(f) conference, Bank of America's deadline to respond to Plaintiffs' document requests has not yet run.

For three reasons, it remains premature to commence discovery in this case.

*First*, the Court has yet to issue a decision on Bank of America's motion for an interlocutory appeal and a stay of proceedings. As set forth in multiple prior filings, the best way "to move this case toward an orderly and efficient resolution," *see* Oct. 3, 2019 minute order, is to resolve Bank of America's interlocutory appeal before conducting any other proceedings in this matter. *See* Dkt. 36 at 2; Dkt. 52 at 3. Bank of America's federal preemption defense presents a controlling question of law that will determine the viability of Plaintiffs' claims. If interlocutory appeal is permitted and the Second Circuit agrees with Bank of America that Plaintiffs' claims are preempted, this case will end and no discovery will ever be necessary.

The Court has tacitly agreed with this position for over two years. It has twice refused to grant Plaintiffs' prior requests to start discovery. *See* Dkt. 38; Dkt. 52 at 1. It has postponed the

**COVINGTON**

Bank of America's letter to the Hon. Arlene R. Lindsay
June 25, 2020
Page 3

initial scheduling conference indefinitely. *See* July 16, 2019 minute order. And it has directed the parties not to submit any more status reports until after Judge Mauskopf rules on the pending interlocutory appeal motion. *See* Nov. 18, 2019 minute order. Plaintiffs' motion identifies no reason why the Court should change its position now. Nor do Plaintiffs explain why this Court should permit discovery now when Judge Mauskopf is currently considering whether to stay all proceedings.

<u>Second</u>, Plaintiffs' current position is inconsistent with their prior position—shared by Bank of America and the *Cantero* plaintiff—that this case and *Cantero* should be consolidated. *See* Dkt. 52 at 1. Given the overlapping claims and the overlapping putative classes, the parties and the Court would be better served by coordinating discovery across both cases. It would be inefficient for discovery to proceed in one case but not another. Plaintiffs offer no explanation for why discovery should commence in *Hymes* but not *Cantero*; in fact, as evidenced by the *Cantero* plaintiff's separate filing asking to be included in any scheduling conference set in this case, *see* Dkt. 75, Plaintiffs do not appear to have conferred with the *Cantero* plaintiffs at all before seeking to press forward. Plaintiffs' request that this Court push this case (and only this case) forward is an attempt to circumvent the decision-making process of Judge Mauskopf, who is currently considering how this case and *Cantero* should be coordinated "to move this case toward an orderly and efficient resolution." Oct. 3, 2019 minute order.

<u>Finally</u>, although Plaintiffs characterize their document requests as seeking "limited discovery," Dkt. 74, at 1, they are anything but. In reality, Plaintiffs request an extensive data pull that will take many months and significant resources to gather. For example, Plaintiffs request "[d]ocuments sufficient to determine the number of" Bank of America mortgage customers located in 11 different states that meet a variety of different criteria set by state law. Dkt. 71-1, at 2-3. As Bank of America knows from its experience in *Lusnak v. Bank of America*, which involved similar claims predicated on alleged violations of California law, obtaining documentation "sufficient to show" such information will require a data production of tens of millions of records for millions of customers. The data pull in *Lusnak*, which involved just one state, consisted of approximately 94 million transaction records for about 2.2 million California borrowers. This data took many months to gather and imposed significant costs and burdens on the Bank. These burdens will be compounded in this case as Plaintiffs seek information on Bank of America customers from 11 different states, each of which has its own unique requirements for the payment of interest on escrow accounts. If discovery is permitted to proceed now, further judicial intervention likely will be required to resolve disputes related to the overbroad and burdensome nature of Plaintiffs' discovery requests, which are disproportionate to the current needs of this case.

For the foregoing reasons, this Court should deny Plaintiffs' motion.

Respectfully submitted,

/s/ <u>Mark Mosier</u>
Mark Mosier

*Attorney for Defendant Bank of America, N.A.*