**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

**Mark W. Mosier**

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 5435
mmosier@cov.com

**Via CM/ECF**                                                                                July 16, 2020

Honorable Roslynn R. Mauskopf
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Hymes v. Bank of America, N.A.*, No. 2:18-cv-02352 (RRM/ARL)
    *Cantero v. Bank of America, N.A.*, Case No. 1:18-cv-04157 (RRM) (ARL)

Dear Judge Mauskopf:

Bank of America respectfully submits this response to Plaintiff's notice of supplemental authority (Dkt. 77), which attaches a July 9, 2020 Memorandum Opinion issued in *Clark v. Bank of America, N.A.*, Case No. 1:18-cv-03672-SAG (D. Md.). Contrary to Plaintiff's assertions, interlocutory appeal remains both appropriate and necessary in this case.

In *Clark*, the court concluded that the preemptive effect of federal banking law on state laws that purport to require national banks to pay interest on mortgage escrow accounts presents a controlling question of law, *see* Dkt. 77-1, at 5, and "if the Fourth Circuit were to find that [Maryland's mortgage escrow interest law] is preempted by the NBA, or by OCC regulations, then all of Plaintiff's claims would likely require dismissal," *id.* at 7. The court addressed the remaining factor—whether there is a substantial basis for difference of opinion— only with respect to the ultimate legal conclusion that federal law does not preempt state interest-on-escrow laws, holding that the factor is not met here because courts have not reached conflicting decisions on the issue. *Id.* at 5-6. The *Clark* court did not address any of the other issues presented in these cases on which there are substantial grounds for differences of opinion.

The Court should not follow *Clark* because it is inconsistent with the law of this Circuit and does not address all of the issues raised in these cases. The *Clark* court stated that an issue "'presents a substantial ground for difference of opinion if courts, as opposed to parties, disagree on a controlling legal issue.'" *Id.* at 5 (quoting *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 623 (D. Md. 2013)). Applying this test, the court concluded there are not substantial grounds for difference of opinion on whether federal law preempts state interest-on-escrow laws because other courts have also held that there is no preemption here. *Id.* at 6. But the Second Circuit has not defined the "substantial ground" factor so narrowly. In this Circuit, there need not be disagreement among courts. Rather, it is sufficient that "the issue is particularly difficult and of first impression for the Second Circuit." *Goldberg v. UBS AG*, 690 F. Supp. 2d 92, 103 (E.D.N.Y. 2010). Consistent with this broader approach, courts have held that a substantial ground for difference of opinion exists where a court's interpretation of federal

COVINGTON

Bank of America's letter to the Hon. Roslynn R. Mauskopf
July 16, 2020
Page 2

regulations conflicts with the views of the agency that promulgated and enforces those regulations.  *See Muniz v. Winn*, 462 F. Supp. 2d 175, 183–84 (D. Mass. 2006) (interlocutory appeal warranted where decision conflicts with views of "the relevant administrative agency"), *rev'd on other grounds sub nom. Muniz v. Sabol*, 517 F.3d 29 (1st Cir. 2008).  Given the views that the OCC has expressed in this case, the Court should do the same here.

Moreover, in these cases, Bank of America has identified three additional issues subject to reasonable disagreement that were not addressed by the *Clark* court.  *First*, courts have disagreed on the proper interpretation of the "significantly interferes" test under *Barnett Bank of Marion Cty., N.A. v. Nelson*, 517 U.S. 25 (1996).  *See* Mem., Dkt. 65-1, at 7-12.  This Court held that the New York law's degree of interference with Bank of America's exercise of its federal banking powers is "minimal" because it does not "bar" escrow accounts and because "the cost of compliance with the state law is not practical abrogation of the banking power at issue," Order, Dkt. 47, at 36, but other courts have interpreted the "significantly interferes" test as imposing a much lower bar, *see, e.g.*, *Monroe Retail, Inc. v. RBS Citizens, N.A.*, 589 F.3d 274, 283 (6th Cir. 2009) ("[T]he level of 'interference' that gives rise to preemption under the [National Bank Act] is not very high[.]").  *Second*, courts have disagreed on the validity of the OCC regulations.  *See* Mem., Dkt. 65-1, at 12-15.  This Court's decision not to enforce those regulations conflicts with the many decisions that have enforced the regulations, including another district court in this Circuit.  *See Smith v. Wells Fargo Bank, N.A.*, 158 F. Supp. 3d 91, 105 (D. Conn. 2016).  *Third*, this Court acknowledged that there are grounds for difference of opinion in interpreting a key phrase in the relevant Dodd-Frank provision, 15 U.S.C. § 1639d(g)(3), because this Court's interpretation of the phrase differed from the Ninth Circuit's interpretation in *Lusnak v. Bank of America, N.A.*, 883 F.3d 1185 (9th Cir. 2018).  Order, Dkt. 47, at 23 & n.9; *see also* Mem., Dkt. 65-1, at 16-18.

For these reasons, the Court should grant Bank of America's motion, certify an interlocutory appeal, and stay all proceedings in this Court until the Second Circuit issues its decision in this matter.

Respectfully submitted,

/s/  Mark Mosier
Mark Mosier

*Attorney for Defendant Bank of America, N.A.*